UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN C.R. LAMPE,

                Petitioner,

        v.                         CAUSE NO.: 3:19-CV-53-RLM-MGG

WARDEN,

                Respondent.

## OPINION AND ORDER

Devan C.R. Lampe, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 18-10-198) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of possessing a deadly or dangerous weapon in violation of Indiana Department of Correction Offense A-106. He was sanctioned with a loss of ninety days earned credit time and a demotion in credit class. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Lampe argues that he is entitled to habeas relief because the disciplinary finding of guilt had the same factual basis as the finding that he violated Offense A-111 by conspiring with another person to commit an A-level offense. He maintains that, as a result, the sanctions imposed violated his rights under the Double Jeopardy Clause. In the context of criminal proceedings, the Double Jeopardy Clause prohibits the government from imposing multiple

punishments for the same offense. <u>United States v. DiFrancesco</u>, 449 U.S. 117, 129 (1980). The court can't grant Mr. Lampe habeas relief on this basis because "double jeopardy protections do not attach in prison disciplinary proceedings." <u>Portee v. Vannatta</u>, 105 F. App'x 855, 858 (7th Cir. 2004); <u>Meeks v. McBride</u>, 81 F.3d 717, 722 (7th Cir. 1996). And while the disciplinary findings were based on a single conduct report, the conduct report describes two separate violations: (1) a correctional officer found a shank on Mr. Lampe's person; and (2) Mr. Lampe grabbed the confiscated shank, ran to a cell belonging to other inmates, and pushed the shank underneath the cell door. Under these facts, Mr. Lampe's Double Jeopardy rights would not have been violated even in the context of a criminal proceeding. The claim that the sanctions imposed violated his rights under the Double Jeopardy Clause isn't a basis for habeas relief.

Mr. Lampe also argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence of his guilt. He says no photographs were presented and that the disciplinary officers could not visually identify the shank or Mr. Lampe in the video recording

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

<u>Webb v. Anderson</u>, 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Lampe was charged with possession of a deadly weapon. The administrative record included a conduct report that says a a correctional officer found a shank on Mr. Lampe. It also included a video surveillance recording to corroborate the conduct report. Even if the quality of the video was poor and no photographs were presented, the conduct report and the video recording constitute some evidence. The claim that the hearing officer had insufficient evidence for a finding of guilt isn't a basis for habeas relief.

Mr. Lampe also argues that he is entitled to habeas relief because the hearing officer found him guilty without hearing what he had to say. The disciplinary report prepared by hearing officer includes Mr. Lampe's comments, which indicates that Mr. Lampe was allowed to speak at the hearing. ECF 1-1 at 16. Further, even if he wasn't allowed to speak at the hearing, the court couldn't grant habeas relief on this issue because Mr. Lampe didn't raise it when he appealed the disciplinary decision. Id. at 11. Habeas petitioners generally are required to pursue all available administrative remedies for each claim to obtain relief in federal court. Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). The claim that the hearing officer did not hear what Mr. Lampe had to say isn't a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Mr. Lampe is not entitled to habeas relief, the court denies the petition. If Mr. Lampe wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he may not proceed in forma pauperis on

appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Devan C.R. Lampe leave to proceed in forma pauperis on appeal.

SO ORDERED on March 22, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT